

PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MIRKO FERNANDEZ | : | Case No. 12-15790PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| MIRKO FERNANDEZ | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| SANDY Y. CHANG | : | |
| Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION
### AND ORDER

Before the court is Debtor's Motion for Sanctions filed against Sandy Y. Chang, Esq. for violation of the automatic stay of 11 U.S.C. § 362(a) and the opposition thereto.  Debtor seeks actual damages of an unspecified amount, punitive damages of not less than $25,000.00, and the fees and expenses of counsel.

This Motion must be considered in the light of this court's Order entered May 13, 2013, a copy of which is annexed to this decision.  Therein, the court found Ms. Chang in willful violation of the automatic stay for pursuing and collecting a pre-petition claim.  The court further found a pattern of neglect and inattention to Debtor's case and ordered Ms. Chang to disgorge $2,350.00 of the $2,525.00 received from Debtor.

Ms. Chang violated the automatic stay when she sought in this bankruptcy case under Chapter 7 to collect the balance due of her fee.  This is not permitted because, as explained in

such cases as *Bethea v. Robert J. Adams & Associates*, 352 F.3d 1125, 1127 (CA7 2003), pre-petition debts for legal fees are subject to discharge.  The rule is universally followed. *Rittenhouse v. Eisen,* 404 F.3d 395, 396 (CA6 2005); *In re Fickling*, 361 F.3d 172, 177 (CA2 2004); *In re Biggar,* 110 F.3d 685, 687 (CA9 1997)("The plain language of the discharge provisions thus is clear.  All of the debtor's pre-petition debts, save those listed in § 523, are discharged in a Chapter 7 proceeding. Section 523 does not except pre-petition attorneys' fees from discharge."); *In re Gourlay,* 483 B.R. 496 (BC E.D. Mich. 2012); *In re McTyeire*, 357 B.R. 898 (BC M.D. Ga. 2006); *In re Nibbelink*, 403 B.R. 113 (BC M.D. Fla. 2009) (attorneys fees, punitive damage and costs awarded).

As explained in the May 13, 2013, Order, Ms. Chang's Rule 2016(b) Statement misstated the amount she had received from Debtor.  She violated the stay by collecting payments from Debtor three times after the filing of this case.  This post-petition collection activity appears to be a pattern of malfeasance on her part for which she was sanctioned in Virginia and in this court where she unwisely filed a petition in a Chapter 7 case for Arquimides Morales, No. 10-32629, anticipating a post-petition payment of $1,500.00 for her fees.  After her appearance was stricken, she filed an Opposition to Discharge, objecting to her client's discharge and filed a baseless application for attorneys' fees that violated the automatic stay as well.  A cursory review of the docket shows many other cases where probably there was a similar violation of the stay or discharge injunction in that Ms. Chang's Rule 2016(b) Statements in cases under Chapter 7 showed only a partial payment of the agreed fee.  *See*, Andree Aguilos Rodriguez, No. 10-27508 ($750.00 down, $750.00 due); Michael Angelo Plobete Torres et. ux, No. 10-25731 ($700.00 down, $2,800.00 due); Anita Isidro Hipolito, No. 10-27503 ($500.00 down, $1,500.00 due); Judito Tanamore et. ux, No. 10-28751 ($0.00 down, $3,500.00 due); Hoe Lee, No. 11-11067 ($0.00 down, $2,500.00 due); Juana Rodriguez, No. 11-12528 ($500.00 down, $1,000.00 due); Ana L. Booth, No. 11-13797 ($500.00 down, $500.00 due); Sandra E. Morales, No. 11-17147 ($300.00 down, $700.00 due); Lorena Reyes de Gonzalez, No. 11-25849 ($800.00 down, $200.00 due); Anibal R. Maldonado, et. ux, No. 11-27672 ($1,070.00 down, $930.00 due); Michael Golia et. ux, No. 12-17641 ($1,500.00 down, $3,000.00 due); Sarah Jane Kessler, No. 12-24437  ($0.00 down, $2,000.00 due); and Ernest Pruitt, No. 12-27662 ($194.00 down, $1,806.00 due) to name a few.  This unlawful activity has been so widespread and has persisted for so long that the court might attribute this to ignorance and incompetence more than as a deliberate attempt to game the bankruptcy system, but for the Virginia Bar sanction for this very

activity in July, 2011. Moreover, the court is astounded that none of the Chapter 7 trustees saw fit to alert the United States Trustee that this course of conduct was going on, so that it could be put to an end.

In view of the above, the court is not surprised by the fact the Ms. Chang has been suspended from the practice of law in the District of Maryland, a ruling that mirrors disciplinary actions in the Eastern District of Virginia and a reciprocal suspension by the United States District Court for the District of Columbia.

The court is faced with the issue of sanctions to be imposed. To be fair to all of her Chapter 7 debtor clients, one would have to conduct a class action. The fee received by her from Debtor for the most part has been disgorged. While Debtor pleaded that he suffered emotional distress as a result of Ms. Chang's misconduct, there was nothing presented in support of that claim. In allowing punitive damages, the court must temper its ruling by the fact that many other debtors are similarly situated and that Ms. Chang is suspended from the practice of law, and restoration of her right to practice is not automatic.

The court will allow compensatory damages of $3,500.00 and punitive damages of $1,750.00.

IT IS SO ORDERED.


cc:     Mirko Fernandez
        3740 Bel Pre Road Apt 12
        Silver Spring, MD 20906

        Roberto Allen
        The Law Offices of Roberto Allen, LLC
        11002 Veirs Mill Rd
        Suite 700
        Wheaton, MD 20902

        Daniel M. Press
        CHUNG & PRESS, P.C.
        6718 Whittier Ave., Suite 200
        McLean, VA 22101

Trustee
Cheryl E. Rose
12154 Darnestown Road
#623
Gaithersburg, MD 20878

Gerard R. Vetter
Office of the US Trustee
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770

**End of Memorandum of Decision and Order**



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

IN RE:                              *

                                    *   Case No.  12-15790-PM

MIRKO FERNANDEZ,

                                    *   Chapter 7

    Debtor

                                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER FOR
## <u>DISGORGEMENT OF FEES</u>

    The Court held a hearing on May 8, 2013 at 2:00 p.m. on the Debtor's Motion to Examine Debtor's Transactions with Attorney and to Disgorge Fees pursuant to 11 U.S.C. § 329 (Doc. No. 34). The Debtor was present, testified and presented documentary evidence to support his Motion. There was no opposition to the Motion. From the evidence adduced at the hearing and a review of the record in this case, the Court makes the following findings of fact:

1) The Debtor hired Ms. Chang to file a Chapter 7 bankruptcy case for him on August 30, 2011. The agreed fee was $2,500.00, and the Debtor advanced $300 for the Chapter 7 filing fee on August 30, 2011. The Debtor believed that his bankruptcy case commenced on August 30, 2011.

2) Also on August 30, 2011, the Debtor paid $500.00 toward the $2,500.00 fee. The Debtor made an additional fee payment of $500.00 on September 30, 2011. The Debtor made no other fee payment pre-petition.

3) The Disclosure of Compensation for Attorney of Debtor (Doc. No. 2) filed on March 28, 2012 by Ms. Chang pursuant to 11 U.S.C. § 329 and Fed.R.Bankr.P. 2016(b)

    states that the Debtor agreed to pay Ms. Chang $2,500.00 for the bankruptcy case, and that $1,300.00 of the fee had been paid prior to filing the Disclosure.  The Court finds the latter statement to be false.  As of March 28, 2012, Ms. Chang had only received $1,000.00 in legal fees from the Debtor, in addition to $300.00 for the Chapter 7 filing fee.  Despite her representation to the Court that the Debtor owed her $1,200.00 as of March 28, 2013, Ms. Chang continued post-petition to collect $1,500.00 from the Debtor for the pre-petition claim.

4) Ms. Chang gave invoices and billing statements to the Debtor post-petition, seeking to collect a claim against the Debtor that arose before the commencement of this case.  In response to Ms. Chang's post-petition collection actions, the Debtor made the following post-petition payments on the pre-petition claim: $500.00 on April 14, 2013; $525.00 on April 24, 2013; and $500.00 on April 25, 2013.  The Court finds that the post-petition collection actions taken by Ms. Chang and the Chang Law Firm against the Debtor for pre-petition claims constitute willful violations of the automatic stay imposed by 11 U.S.C. § 362(a)(6).

5) Ms. Chang failed to list the Chang Law Firm as am unsecured creditor on Debtor's Schedule F.  See Doc. No. 1, at 25-27.

6) When this case was commenced, there were four judicial liens filed against the Debtor in the Circuit Court for Montgomery County:

| **Judgment Lien Creditor** | **Date** | **Case No.** | **Amount** |
|---|---|---|---|
| Citibank South Dakota, N.A. | 12/22/2010 | Case No. 120875R | $4,184.58 |
| FIA Card Services, N.A. | 03/30/2011 | Case No. 122673R | $12,727.41 |
| FIA Card Services, N.A. | 07/05/2011 | Case No. 124615R | $13,796.52 |
| Midland Funding, LLC | 01/12/2012 | Case No. 127394R | $7,383.23 |
| | | **Total of Judgment Liens** | **$38,091.74** |

7) The Debtor made Ms. Chang aware of the then-existing judicial liens when he went to her for bankruptcy advice in August 2011.  The Debtor owns real property in Montgomery County to which the judicial liens attached.  The judicial liens in question impaired an exemption that was available to the Debtor at the commencement of the case.  Accordingly, they are subject to avoidance under 11 U.S.C. § 522(f).  The Disclosure of Compensation of Attorney for Debtor filed by Ms. Chang on March 28, 2012 does not identify lien avoidance motions as being excluded from the services she agreed to provide to the Debtor in connection with his bankruptcy case.  See Doc. No. 2, item 6.  Ms. Chang failed to file any motions to

avoid the judicial liens while the Chapter 7 case was pending, prior to the Debtor obtaining a standard Chapter 7 discharge on June 27, 2012 (Doc. No. 26).

8) Because the judicial liens were not avoided during the Debtor's Chapter 7 case, the Debtor's fresh start has been frustrated, and he has been hamstrung in his efforts to resolve his long-standing mortgage payment problem by obtaining a modification of his existing mortgage loan.  On November 26, 2012, Ms. Chang was suspended from practicing in the U.S. District Court for the District of Maryland for a period of one year.  In re Sandy Y. Chang, Misc. Case No. 11-MC-217 (Disciplinary).  The Debtor subsequently hired his present counsel, Roberto N. Allen, Esq., to reopen the bankruptcy case and to file and serve the necessary lien avoidance motions.  See Doc. Nos. 30-32.

9) As a result of Ms. Chang's failure to seek avoidance of the judicial liens while the Chapter 7 case was pending, the Debtor incurred $1,000.00 in legal fees (see Doc. No. 33) and $260.00 for the filing fee required to reopen his bankruptcy case (see Doc. No. 28).

10) With respect to compensation paid or agreed to be paid by a debtor to an attorney for services rendered in connection with a bankruptcy case, 11 U.S.C. § 329(b) provides that: "[i]f such compensation exceeds the reasonable value of any such services, the court may . . . order the return of any such payment, to the extent excessive, to [the debtor]."

11) The Court finds that under the circumstances of Ms. Chang's transactions with the debtor, which include the post-petition collection of pre-petition debt by the Debtor's attorney in willful violation of the automatic stay, the $2,525.00 in compensation paid by the Debtor to Ms. Chang exceeds the reasonable value of the services rendered by Ms. Chang in connection with the Debtor's Chapter 7 bankruptcy case.  The Court finds that the amount of such excess is $2,350.00.  Pursuant to 11 U.S.C. § 329, the Debtor is entitled to a refund of $2,350.00 out of the $2,500.00 in fees paid to Ms. Chang by the Debtor.  See Bethea v. Robert J. Adams & Assoc., 352 F.3d 1125 (7th Cir. 2003), In re McTyeire, 357 B.R. 898 (Bankr. M.D.Ga. 2006), and In re Waldo, 417 B.R. 854, 880-81 (Bankr. E.D.Tenn. 2009).

WHEREFORE, it is on the date set forth in the upper left-hand corner of this Order, hereby:

ORDERED, that Sandy Y. Chang, shall disgorge fees in the amount of $2,350.00 to the Debtor, Mirko Fernandez; and it is further

ORDERED, that Sandy Y. Chang shall file a certificate of compliance with the Court within twenty-eight (28) days of the date of entry of this Order; and it is further

ORDERED, that the relief provided in this Order shall be without prejudice to the Debtor's right to pursue other claims against Ms. Chang for violations of the automatic stay and any other claims the Debtor may have against Ms. Chang.


cc: Debtor
Attorneys for Debtor
Sandy Y. Chang, Esq.
U.S. Trustee


**End of Order**