

PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:                                      :
                                            :
MIRKO FERNANDEZ                             :     Case No. 12-15790PM
                                            :           Chapter 7
              Debtor                        :
- - - - - - - - - - - - - - - - - - - - -  :
MIRKO FERNANDEZ                             :
              Movant                        :
    vs.                                     :
                                            :
SANDY Y. CHANG                              :
              Respondent                    :
- - - - - - - - - - - - - - - - - - - - -  :

## MEMORANDUM OF DECISION
## AND ORDER

Before the court are the objections filed by Sandy Y. Chang, the Debtor's former attorney, to the Motion for Attorney Fees and the Bill of Costs filed by the Debtor on behalf of Roberto Allen, Esq. in connection with requested fees and costs related to the Debtor's Motion for Sanctions for Violation of the Automatic Stay (Docket No. 59).[1] This is one of many similar

---

[1] The Motion was filed pursuant to 11 U.S.C. § 362(k) that provides:

**11 U.S.C. § 362. Automatic stay**

(k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

cases where Ms. Chang sought to collect additional fees from Chapter 7 debtors after the filing of the petitions and after discharge. As explained in the Memorandum of Decision and Order entered in this case on January 6, 2014 (Docket No. 87), Ms. Chang was engaged in a continuous course of conduct in violation of the automatic stay of 11 U.S.C. § 362(a) with many of her Chapter 7 debtor-clients in that she sought to collect the balance of the fees due her postpetition. In the present case, she did this on three occasions, prompting the filing of the Motion for Sanctions.

  Prior to the filing of the Motion for Sanctions, the court ordered Ms. Chang to disgorge and return to the Debtor $2,350.00 of the $2,525.00 in fees she received (Docket No. 40). The court held a hearing on the Motion for Sanctions on December 18, 2013, and thereafter issued its Memorandum of Decision and Order. Based on the evidence before it and the paucity of a showing of any special damages, the court allowed compensatory damages of $3,500.00 and punitive damages of $1,750.00. This award seemed proportional to the minimal damages incurred. The subject Motion and Bill of Costs followed.

  The court finds it is inappropriate to allow additional fees for these filings and, therefore, the Motion for Attorney Fees is denied. The costs, as set forth in the Bill of Costs, fall into several categories and are allowed as set forth below.

  1. <u>Fees of the Clerk</u>. The sum of $260.00 was advanced by the Debtor to reopen this case for the reason explained in his Motion to Reopen (Docket No. 27), which was to file a motion to avoid three judgment liens pursuant to 11 U.S.C. § 522(f) that Ms. Chang could have filed while the Debtor was in her care. Furthermore, under the Bankruptcy Court Miscellaneous Fee Schedule (11) that is attached to 28 U.S.C. § 1930, no fee is chargeable when a debtor files a motion to reopen a case based upon an alleged violation of the discharge under 11 U.S.C. §524. This cost is disallowed.

  2. <u>Transcripts</u>. The Debtor seeks to recover one half of the costs of a transcript of a October 28, 2013, deposition taken in two cases. It is true that of the 241 pages of testimony, the questioning as to the Debtor began on page 216. However, in reviewing the deposition much of the first part was helpful to the Debtor and enabled the second part to move swiftly. The court will allow as costs $160.29 or one-third of the total.

  3. <u>Docket Fee.</u> The Debtor urges that the docket fee is in lieu of attorneys' fees. This is not the case. Taxing this fee is discretionary under 28 U.S.C. § 1923. The court will allow it. *United States v. Erie R. Co.*, 200 F.2d 411 (CA6 1953).

---

  (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

4. <u>Other Costs.</u>  This is sought by counsel for mileage for attending two hearings.  This expense is not recoverable as a cost.  *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (CA7 1975).

IT IS SO ORDERED.

cc:     Mirko Fernandez
3740 Bel Pre Road Apt 12
Silver Spring, MD 20906

Roberto Allen
The Law Offices of Roberto Allen, LLC
11002 Veirs Mill Rd
Suite 700
Wheaton, MD 20902

Daniel M. Press
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101

Trustee
Cheryl E. Rose
12154 Darnestown Road
#623
Gaithersburg, MD 20878

Gerard R. Vetter
Office of the US Trustee
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770

**End of Memorandum of Decision and Order**